UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OLSEN SECURITIES CORP., et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3120** |
| **CERTAIN UNDERWRITERS AT LLOYD'S LONDON, et al.** | **SECTION: "G"(1)** |

## ORDER AND REASONS

Before the Court is Defendants' Certain Underwriters at Lloyd's London ("Underwriters") and other Insurers Subscribing to Certificate No. AMR-71981 (collectively, "Defendants") "Motion to Compel Arbitration and Stay Litigation."[1] In the motion, Defendants seek an order to compel Plaintiffs Olsen Securities Corporation, Inc., OSC Management, Inc., Jasmine Lane Associates, Ltd., Lancelot Square TC-17 Associates Limited Partnership, Old Man River, LP, St. Rose Associates, Ltd., Willow Ridge Associates, Ltd., Pine Cliff TC-17 Associates Limited Partnership, Airport Road Associates, Ltd., College Towne Partnership, Green Oaks Associates, Ltd., and Cedar Court Associates, Ltd. (collectively, "Plaintiffs") to arbitrate the claims against Defendants and stay the litigation pending arbitration pursuant to 9 U.S.C. §§ 3, 208.[2] Plaintiffs oppose the motion on the grounds that contradicting language in the contract invalidates the arbitration clause.[3] Having considered the motion, the memoranda in support and in opposition,

---

[1] Rec. Doc. 4.

[2] *Id*. at 2.

[3] Rec. Doc. 9 at 5–9.

1

the record, and the applicable law, the Court grants the motion to compel arbitration and stays this litigation.

## I. Background

This litigation arises out of alleged damage to Plaintiffs' properties during Hurricane Ida.[4] Plaintiffs filed a petition for damages against Defendants in the Thirty-Second Judicial District Court for the Parish of Terrebonne on August 29, 2022.[5] According to the Petition, Plaintiffs purchased a commercial insurance policy from Defendants covering eleven properties across several parishes against all risks of loss (the "Policy").[6] Plaintiffs aver that the properties covered by the Policy were severely damaged by hurricane force winds sustained during Hurricane Ida on August 29, 2021.[7]

On September 2, 2022, Defendants removed the action to this Court, asserting subject matter jurisdiction based on a federal question under 28 U.S.C. §§ 1441 and 1446.[8] In the Notice of Removal, Defendants asserted that removal was proper because Policy contains an arbitration provision governed by the Convention Act, 9 U.S.C. § 201, *et seq.* (the "Convention Act").[9] "Congress promulgated the Convention Act in 1970 to establish procedures for our courts to implement" the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention").[10] The Convention is an international treaty, ratified by Congress in 1970, which

---

[4] Rec. Doc. 1-2 at 2–3.

[5] *Id.* at 1.

[6] *Id*. at 2.

[7] *Id*. at 3.

[8] Rec. Doc. 1 at 2.

[9] *Id.* at 8.

[10] *McDermott Int'l, Inc. v. Lloyd's Underwriters of London*, 944 F.2d 1199, 1208 (5th Cir. 1991).

seeks to "encourage the recognition and enforcement of commercial contracts and to unify the standard by which the agreements to arbitrate are observed, and arbitral awards are enforced in signatory countries."[11] Therefore, Defendants contend that this Court has original jurisdiction under the Convention Act because Defendant Underwriters at Lloyd's, London and Defendant HDI Global Specialty SE are foreign corporations with principle places of business in the United Kingdom and Germany, respectively.[12]

On September 6, 2022, Defendants filed the instant Motion to Compel Arbitration.[13] On September 20, 2022, Plaintiffs filed a motion to continue the submission date of the instant motion.[14] On September 23, 2022, the Court granted the motion to continue.[15] On September 27, 2022, Plaintiffs opposed the Motion to Compel Arbitration.[16] The Court granted Defendants leave to file their reply on October 5, 2022.[17]

## II. Parties' Arguments

### A.   *Defendants' Arguments in Support of the Motion to Compel Arbitration*

In support of the Motion to Compel Arbitration, Defendants raise five arguments. First, Defendants argue that all four requirements necessary for a court to compel arbitration under a

---

[11] *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974).

[12] Rec. Doc. 1 at 6–9. 9 U.S.C. § 205 states that "where a subject matter of an action or proceeding pending in State court relates to an arbitration agreement or award falling under the Convention, … the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States and division embracing the place where the action or proceeding is pending."

[13] Rec. Doc. 4.

[14] Rec. Doc. 5.

[15] Rec. Doc. 8.

[16] Rec. Doc. 9.

[17] Rec. Doc. 13.

provision governed by the Convention Act are satisfied.[18] Defendants argue that the first criteria—whether there is a written agreement to arbitrate the matter—is met because the Policy and its arbitration clause "is a written agreement to arbitrate all matters . . . in relation to the coverages under the Policy."[19] Defendants assert that the second criteria—whether the agreement provides for arbitration in a Convention signatory nation—is satisfied because the Policy provides for arbitration in New York and the United States ratified the Convention in 1970.[20] Defendants contend that the third criteria—whether the arbitration agreement arises from a commercial legal relationship—is fulfilled because "[t]his Court has held that an arbitration clause in an insurance agreement satisfies the requirement that the arbitration agreement arises from a commercial legal relationship."[21] Lastly, Defendants aver that the fourth criteria—whether any party to the agreement is not an American citizen—is satisfied because Underwriters is a citizen of the United Kingdom comprised partially of syndicates that are also citizens of the United Kingdom and HDI Global Specialty SE "is a citizen of Germany."[22] Thus, Defendants assert that the Convention Act requires that the Court compel arbitration absent a finding that the agreement is "null and void, inoperative or incapable of being performed."[23]

---

[18] *See* Rec. Doc. 4-1 at 6.

[19] *Id*.

[20] *Id*.

[21] *Id*. (citing *Gulledge v. Certain Underwriters at Lloyd's, London*, No. 18-6657, 2018 WL 4627387, at *4 (E.D. La. Sept. 26, 2018); *Viator v. Dauterive Contractors, Inc.*, 638 F. Supp. 2d 641, 646 (E.D. La. 2009)).

[22] *See id*. at 7.

[23] *Id*. (quoting *Freudensprung v. Offshore Tech. Servs., Inc.*, 379, F.3d 327, 339 (5th Cir. 2004)).

Second, Defendants argue that the "null and void exception is *very* narrow and only includes internationally recognized defenses such as fraud, duress, and mistake."[24] Third, Defendants contend that the Policy's arbitration provision "contains a broad delegation clause that requires that the Arbitration Panel, and not the Court, resolve all questions regarding whether specific issues fall within [its] scope."[25] Defendants assert that the Fifth Circuit has held that a "motion to compel should be granted in almost all cases" where an arbitration agreement contains a delegation clause.[26] Thus, Defendants conclude that the Policy's arbitration clause "refers all disputes, including Plaintiff's bad faith claims, to arbitration"[27] because the clause encompasses "all matters in difference."[28]

Fourth, Defendants argue that "Plaintiff is equitably estopped from objecting to [] arbitration [because] all insurers have acted in concert in evaluating and adjusting Plaintiff's insurance claims."[29] Defendants assert that another court in the Eastern District of Louisiana found that a plaintiff was equitably estopped from avoiding arbitration where it alleged "interdependent and concerted misconduct" against several insurer-defendants under "a substantially identical arbitration provision."[30] Defendants argue that here, "Plaintiffs have failed to differentiate between

---

[24] *Id*. at 8 (quoting *Johnson v. NCL (Bah.) Ltd.*, 163 F. Supp. 3d 338, 361 (E.D. La. 2016)).

[25] *Id*. at 8.

[26] *Id*. at 9 (quoting *Kubala v. Supreme Prod. Sers.*, 830 F.3d 199, 202 (5th Cir. 2016)).

[27] *Id*. (quoting *Georgetown Home Owners Ass'n v. Certain Underwriters at Lloyd's*, No. 20-102, 2021 2021 WL 359735, at *15 (M.D. La. Feb. 2, 2021)).

[28] *Id*. (citing *5556 Gasmer Mgmt. LLC v. Underwriters at Lloyd's, London*, 463 F. Supp. 3d 785, 790 (S.D. Tex. 2020).

[29] *Id*. at 9–10 (quoting *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 537 (5th Cir. 2000)).

[30] *Id*. at 10 (citing *Clean Pro Carpet & Upholstery Care Inc. v. Upper Pontalba of Metairie Condo Ass'n*, No. 20-1550, 2021 WL 638117, at *6 (E.D. La. Feb. 18, 2021)).

5

the alleged wrongdoing of any one insurer."[31] Thus, Defendants contend that the doctrine of equitable estoppel applies to Plaintiffs' claims because Plaintiffs' allegations involve the "interdependent and concerted conduct of all insurers in the adjustment of the claim."[32]

Fifth, Defendants argue that Louisiana law does not prevent the enforcement of the arbitration clause.[33] Defendants assert that the Fifth Circuit has made clear that the Convention Act supersedes state law.[34] Thus, Defendants conclude that the Court should grant the instant Motion to Compel Arbitration.[35]

### B. *Plaintiffs' Arguments in Opposition to the Motion to Compel Arbitration*

In opposition to Defendants' Motion to Compel Arbitration, Plaintiffs contend that the arbitration provision was "superseded by later amendatory endorsements that [] change the preceding terms of the policy."[36] Plaintiffs specifically argue that the Policy's endorsements contain language directing Plaintiffs how to serve Defendants (the "service of suit clauses") "specifically stat[ing] that they change the Policy terms that precede them."[37] Plaintiffs contend that the service of suit clauses either supersede the arbitration clause or create ambiguity in the Policy's terms that must be resolved in favor of the Plaintiffs.[38] Thus, Plaintiffs assert that the arbitration clause "must be rendered null and void as the result of a clear mistake in drafting the

---

[31] *Id*. at 14.

[32] *Id*. at 13.

[33] *See id.* at 14–15.

[34] *Id*. at 14 (citing *McDonnel Grp., L.L.C. v. Great Lakes Ins. Se*, 923 F.3d 427, 431–32 (5th Cir. 2019)).

[35] *Id*. at 15.

[36] Rec. Doc. 9 at 5–6.

[37] *Id.* at 7.

[38] *Id.*

subject Policy" because the "amendatory endorsements [] are so inapposite to the language" of the arbitration clause.[39]

Alternatively, Plaintiffs argue that this Court should deny Defendants' motion as to the Plaintiffs' bad faith and breach of the duty of good faith and fair dealing under Louisiana law if it finds that the arbitration clause applies to Plaintiffs' claims.[40] Plaintiffs assert that a court must "determine whether the parties agreed to arbitrate" a particular dispute when deciding a motion to compel arbitration.[41] Plaintiffs contend that the alleged arbitration agreement is limited only to the breach of contract action because the clause states that "[t]he Arbitration Tribunal may not award exemplary, punitive, multiple, consequential, or other damages of a similar nature."[42] Thus, Plaintiffs argue that the Court should allow "Plaintiffs' claims against Defendants for violations of the [Louisiana Revised Statute §§ 22:1892, 22:1973] and for breach of duty of good faith and fair dealing" to proceed in this Court upon a finding that the arbitration clause applies to Plaintiffs' claims.[43]

C.   *Defendants' Reply Arguments in Further Support of Motion*

In their reply, Defendants raise three arguments. First, Defendants re-assert their argument that this action is governed by the Convention.[44] Second, Defendants argue that the service of suit clauses in the Policy do not supersede the arbitration clause.[45] Defendants aver that the Fifth

---

[39] *Id.*

[40] *Id.* at 10.

[41] *Id.* at 9.

[42] *Id.* at 10.

[43] *Id.* at 11.

[44] Rec. Doc. 14 at 2.

[45] *Id.* at 3.

Circuit has found that service of suit clauses do not negate arbitration clauses.[46] Thus, Defendants contend that the service of suit provision in the endorsement does not prevent enforcement of the arbitration clause.[47] Third, Defendants assert that the delegation clause in the arbitration provision at issue is clear evidence of intent to arbitrate all claims, disputes, and other matters pertaining to the Policy.[48] Thus, Defendants argue that this Court should grant the instant motion, stay this litigation, and order the parties to arbitration.[49]

### III. Legal Standard

Agreements arising under the Convention are subject to the provisions of the Federal Arbitration Act ("FAA") unless the FAA is in "conflict" with the Convention.[50] The FAA was enacted in order to "allow[] a party to . . . an arbitration agreement to petition any United States district court for an order directing that such arbitration proceed in the manner provided for in such agreement."[51] In *Iberia Credit Bureau, Inc. v. Cingular Wireless LLC*, the United States Court of Appeals for the Fifth Circuit explained that the FAA was "in large part motivated by the goal of eliminating the courts' historic hostility to arbitration agreements."[52] The Fifth Circuit further explained that "Section 2 of the FAA puts arbitration agreements on the same footing as other

---

[46] *Id.* (citing *McDermott Int'l*, 944 F.2d at 1199).

[47] *Id.* at 5–6.

[48] *See id.* at 6–7.

[49] *Id.* at 7.

[50] *GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 140 S.Ct. 1637, 1644 (2020).

[51] *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 474 (1989) (internal quotation marks omitted).

[52] 379 F.3d 159, 166 (5th Cir. 2004).

contracts."[53] This means that, "as a matter of federal law, arbitration agreements and clauses are to be enforced unless they are invalid under principles of state law that govern all contracts."[54]

Under the FAA, there is a "strong federal policy in favor of enforcing arbitration agreements."[55] Section 3 of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration . . . the court . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. . . .[56]

"[I]f the issues in a case are within the reach of that [arbitration] agreement, the district court has no discretion under section 3 to deny the stay."[57]

## IV. Analysis

### A.   Whether There is a Valid Agreement to Arbitrate Plaintiff's Claims

The Convention Act incorporates the FAA except for the few provisions where the two laws conflict.[58] The Supreme Court has noted the "emphatic federal policy in favor of arbitral dispute resolution," which "applies with special force in the field of international commerce."[59] The Fifth Circuit has stated that "courts conduct only a very limited inquiry" when "determining

---

[53] *Id.*

[54] *Id.*

[55] *Texaco Expl. & Prod. Co. v. AmClyde Engineered Prod. Co.*, 243 F.3d 906, 909 (5th Cir. 2001) (citing *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 217 (1985)).

[56] 9 U.S.C. § 3.

[57] *Texaco Expl. & Prod. Co.*, 243 F.3d at 909 (citing *Hornbeck Offshore Corp. v. Coastal Carriers Corp.*, 981 F.2d 752, 754 (5th Cir. 1993)).

[58] *McDermott Int'l.*, 944 F.2d at ("The Convention Act incorporates the FAA except where the FAA conflicts with the Convention Act's few specific provisions.") (citing 9 U.S.C. § 208).

[59] *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985).

9

whether the Convention requires compelling arbitration in a given case."[60] Therefore, a court must grant a motion to compel arbitration absent a finding that the subject "agreement is null and void, inoperative, or incapable of being performed."[61] A court must grant a motion to compel arbitration if the following requirements are met: "(1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen.'"[62]

Plaintiffs only contest whether there is a valid, written arbitration agreement in the instant Policy.[63] Plaintiffs do not contest any of the other requirements under the Convention Act. Plaintiffs argue that the Policy's service of suit clauses invalidate the arbitration clause because select provisions state that it "changes the policy."[64] Alternatively, Plaintiffs assert that the subsequent language creates ambiguity which should be resolved in favor of the Plaintiffs.[65] The service of suit clauses state that Defendants "will submit to the jurisdiction of a Court of competent jurisdiction within the United States" to resolve any disputes over amounts claimed to be due by Plaintiffs.[66]

---

[60] *Freudensprung*, 379 F.3d at 339 (citing *Francisco v. STOLT ACHIEVEMENT MT,* 293 F.3d 270, 273 (5th Cir. 2002)).

[61] *See* 9 U.S.C. § 206; Convention on the Recognition and Enforcement of Foreign Arbitral Awards art. II(3), June 10, 1958, 330 U.N.T.S. 3.

[62] *Id.* (quoting *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.*, 767 F.2d 1140, 1146 (5th Cir. 1985); *Francisco*, 293 F.3d at 273).

[63] Rec. Doc. 9 at 5.

[64] *Id.* at 7.

[65] *Id.* at 6.

[66] Rec. Doc. 9-1 at 62.

Under Louisiana law, insurance policies must be construed as a whole, with each provision in the policy interpreted in the light of other provisions so that each is given meaning.[67] The Fifth Circuit has stated that "[e]ndorsements affixed to a policy of insurance are to be construed in connection with the printed provisions of the policy and the entire agreement harmonized, if possible."[68] The Fifth Circuit considered similar language in a prior rendition of Defendant Underwriters' arbitration and service of suit clauses in *McDermott International, Inc. v. Lloyd's Underwriters of London*.[69] In *McDermott*, Underwriters provided an all-risks policy to the plaintiff, and demanded that the plaintiff submit to arbitration of the issues arising out of the denial of coverage.[70] The Fifth Circuit held that the arbitration and service of suit clauses were "co-equal" and that, when interpreted together, the service of suit clause "could be interpreted [as] consistent with the arbitration clause to apply to suits concerning the enforcement of an arbitration award."[71] The Court found that it was unlikely that Underwriters' "would secure an almost infinitely broad arbitration clause and also permit [the plaintiff] to attack it in the court of its choice."[72]

This Court finds that Defendant's service of suit clauses do not supersede the language of the arbitration clause.[73] The contractual language in Defendants' arbitration clause and service of

---

[67] *See Peterson v. Schimek*, 98-1712 (La. 03/02/99), 729 So. 2d 1024, 1029.

[68] *St. Paul Surplus Lines Ins. Co. v. Settoon Towing, LLC*, 720 F.3d 268, 279 (5th Cir. 2013).

[69] The Fifth Circuit considered the Service of Suit provision and arbitration clause on appeal and writ of mandamus from the district court's order remanding the matter to state court. *McDermott Int'l*, 944 F.2d at 1201.

[70] *Id.*

[71] *Id.* (citing *NECA Ins. Ltd. v. Nat'l Union Fire Ins. Co. of Pitt.*, 595 F. Supp. 955, 958 (S.D.N.Y. 1984)) (finding that arbitration is not waived by a service of suit clause because the clause was only designed to guarantee the enforcement of arbitration awards).

[72] *Id.* at 1205.

[73] Several other courts in the Eastern District of Louisiana have found that language of the arbitration clause and Service of Suit provisions in the endorsements do not prevent enforcement of the arbitration clause. *1010 Common, LLC v. Certain Underwriters at Lloyd's, London*, No. 20-2326, 2020 WL 7342752 at *8–10 (Dec. 14, 2020)

suit provisions mirrors that of the language in *McDermott*. The Court further finds that clauses do not create ambiguity that necessitates denial of the instant motion because the Policy, as one harmonious document, can be read such that the service of suit provisions apply to suits for enforcement of a final arbitration award.[74] Furthermore, Plaintiffs cite no authority accepting this argument that service of suit provisions supersede or void an arbitration clause in an insurance policy or otherwise create ambiguity which voids the arbitration clause. Thus, the Policy's arbitration clause satisfies the requirements of the Convention Act and Plaintiffs have failed to overcome their burden to establish the invalidity of the Policy's arbitration clause, especially given the strong presumption in favor of arbitration that applies with "special force" to arbitration clauses falling under the Convention.[75]

**B.    *Whether the Arbitration Clause Applies to Plaintiffs' Bad Faith and Breach of Duty of Good Faith and Fair Dealing Claims***

Having found above that the parties entered into an arbitration agreement; the Court now turns to whether Plaintiffs' Louisiana law claims are covered by the agreement.[76] Plaintiffs contend that their extracontractual claims of bad faith and breach of the duty of good faith and fair dealing do not fall within the scope of the Policy's arbitration provision.[77] Plaintiffs point out that the

---

(Lemelle, J.); *Woodward Design + Build, LLC v. Certain Underwriters at Lloyd's London*, No. 19-14017, 2020 WL 5793715 at *3–4 (E.D. La. Sept. 29, 2020) (Guidry, J.) (finding that the service of suit provision in Defendant's endorsements did not prevent enforcement of the arbitration clause).

[74] *See, e.g.*, *id.*; *Farmers Rice Milling v. Certain Underwriters at Lloyd's London*, No. 21-503, Rec. Doc. (M.D. La. Sept. 14, 2022); *NECA Ins. Ltd.*, 595 F. Supp. at 958.

[75] *See Mitsubishi Motors Corp.*, 473 U.S. at 638–40; *see also Carter,* 362 F.3d at 297.

[76] *See Kubala*, 830 F.3d at 201.

[77] Rec. Doc. 9 at 9–10.

12

Policy states that the arbitration tribunal "may not award exemplary, punitive, multiple, consequential, or other damages of a similar nature."[78]

The Fifth Circuit has held that "whenever the scope of an arbitration clause is in question, the court should construe the clause in favor of arbitration."[79] Typically, courts have rejected the argument that bad faith claims fall outside the scope of the arbitration agreement where the clause contains language that all claims and disputes related to the contract are subject to arbitration.[80]

Here, the arbitration clause provides that "all matters in difference" between Plaintiffs and Defendants are subject to arbitration. This Court finds that these claims derive directly from the Policy and therefore are subject to the arbitration clause. Without the existence of that contractual relationship between the parties, these claims would not exist. Therefore, Plaintiffs' Louisiana law claims are governed by arbitration provision because the delegation clause governs "all matters in difference" arising from the Policy.[81]

## V. Conclusion

Based on the foregoing,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Arbitration[82] is **GRANTED**.

---

[78] Rec. Doc. 9-1 at 38.

[79] *Sedco, Inc.*, 767 F.2d at 1145.

[80] *See, e.g.*, *City of Kenner v. Certain Underwriters at Lloyd's London*, No. 2022 WL 16961130 at *3 (E.D. La. Nov. 16, 2022) (Vance, J.) (granting Defendants' motion to compel arbitration and ordering parties to arbitrate their breach of duty of good faith and fair dealing claim alongside the breach of contract claim); *STMB Props., LLC v. Certain Underwriters at Lloyd's London*, No. 22-2229, 2022 WL 3924313 at *2–3 (E.D. La. Aug. 31, 2022) (Africk, J.) (holding same); *Georgetown Home Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's London*, No. 20-102, 2021 WL 359735 at *15 (M.D. La. Feb. 2, 2021) (deGravelles, J.) (holding same).

[81] *See Georgetown Home Owners Ass'n, Inc.* 2021 WL 359735 at *15.

[82] Rec. Doc. 4.

**IT IS FURTHER ORDERED** that the above-captioned matter is **STAYED AND ADMINISTRATIVELY CLOSED** pending arbitration.

**NEW ORLEANS, LOUISIANA**, this  25th  day of January, 2023.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**