UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OLSEN SECURITIES CORP., et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3120** |
| **CERTAIN UNDERWRITERS AT LLOYD'S LONDON, et al.** | **SECTION: "G"(1)** |

### ORDER AND REASONS

Before the Court is Plaintiffs Olsen Securities Corporation, Inc., OSC Management, Inc., Jasmine Lane Associates, Ltd., Lancelot Square TC-17 Associates Limited Partnership, Old Man River, LP, St. Rose Associates, Ltd., Willow Ridge Associates, Ltd., Pine Cliff TC-17 Associates Limited Partnership, Airport Road Associates, Ltd., College Towne Partnership, Green Oaks Associates, Ltd., and Cedar Court Associates, Ltd.'s (collectively, "Plaintiffs") Motion to Lift Stay and Vacate Arbitration Order.[1] This litigation involves an insurance dispute following alleged property damage caused by Hurricane Ida.[2] On January 25, 2023, this Court granted Defendants Safety Specialty Insurance Company, Old Republic Union Insurance Company, Certain Underwriters at Lloyd's, London, HDI Global Specialty SE, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, and Lexington Insurance Company (collectively, "Defendants") Motion to Compel Arbitration and Stay Proceedings.[3]

---

[1] Rec. Doc. 21.

[2] Rec. Doc. 1.

[3] Rec. Doc. 16.

1

Plaintiffs now request that the stay be lifted as to the domestic insurers based on the recent decision by the Louisiana Supreme Court in *Police Jury of Calcasieu Parish v. Indian Harbor Insurance Co.*[4] As discussed in more detail below, federal equitable estoppel principles allow domestic insurers to compel arbitration when their foreign counterparts compel arbitration under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention") and there exists allegations of concerted and interdependent conduct.[5] Based on this Court's finding that concerted and interdependent conduct was alleged, arbitration can properly be compelled by both the domestic and foreign insurers who issued the Policy to Plaintiffs. Therefore, having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

This litigation arises out of alleged damage to Plaintiffs' properties during Hurricane Ida.[6] Plaintiffs filed a petition for damages against Defendants in the Thirty-Second Judicial District Court for the Parish of Terrebonne on August 29, 2022.[7] According to the Petition, Plaintiffs purchased a commercial insurance policy from Defendants covering eleven properties across several parishes against all risks of loss (the "Policy").[8] Plaintiffs aver that the properties covered by the Policy were severely damaged by hurricane force winds sustained during Hurricane Ida on

---

[4] 2024-0049 (La. 10/25/24); 395 So.3d 717.

[5] *Bufkin*, 96 F.4th at 732.

[6] Rec. Doc. 1-2 at 2–3.

[7] *Id.* at 1.

[8] *Id.* at 2.

August 29, 2021.[9] On September 2, 2022, Defendants removed the action to this Court, asserting subject matter jurisdiction based on a federal question under 28 U.S.C. §§ 1441 and 1446.[10] In the Notice of Removal, Defendants asserted that removal was proper because Policy contains an arbitration provision governed by the Convention Act, 9 U.S.C. § 201, *et seq.* (the "Convention Act").[11]

On September 6, 2022, Defendants filed the instant Motion to Compel Arbitration.[12] On January 25, 2023, the Court granted the motion and administratively closed the case pending arbitration.[13] On January 23, 2025, Plaintiffs filed the instant motion to lift the stay.[14] On February 10, 2025, Defendants filed an opposition to the motion.[15] On February 14, 2025, Plaintiffs filed a reply brief.[16] On March 13, 2025, Defendants filed a supplemental brief in further opposition to the motion.[17]

## II. Parties' Arguments

### A.     *Plaintiffs' Arguments in Support of the Motion*

Plaintiffs contend the Louisiana Supreme Court's recent decision in *Police Jury of Calcasieu Parish v. Indian Harbor Insurance Co.* requires that the stay in this matter be lifted as

---

[9] *Id.* at 3.

[10] Rec. Doc. 1 at 2.

[11] *Id.* at 8.

[12] Rec. Doc. 4.

[13] Rec. Doc. 16.

[14] Rec. Doc. 21.

[15] Rec. Doc. 24.

[16] Rec. Doc. 25.

[17] Rec. Doc. 28.

3

to the domestic insurers.[18] Plaintiffs argue the Louisiana Supreme Court has determined that the arbitration clause in the underlying insurance policy is invalid as to the domestic insurers.[19] Plaintiffs assert based on the Louisiana Supreme Court's ruling, the stay in this matter should be lifted as to the domestic insurers.[20]

### B. *Defendants' Argument in Opposition to Motion to Lift Stay*

In opposition, Defendants argue the Supreme Court's decision in *Police Jury* does not require this Court to lift the stay ordered in this matter.[21] Defendants explain that because federal law supersedes state law in Convention cases, Plaintiffs must be compelled to arbitrate with both foreign and domestic insurers notwithstanding the court's holding in *Police Jury*.[22]

According to Defendants, Plaintiffs' motion is an improper because the issue of equitable estoppel was not raised in Plaintiffs' original opposition to the motion to compel arbitration.[23] Defendants argue that Plaintiffs should not be allowed to raise a new legal theory on a motion for reconsideration.[24]

Defendants assert that the Fifth Circuit's holding in *Bufkin Enterprises, LLC v. Indian Harbor Ins. Co.*, remains controlling law.[25] According to Defendants, when foreign insurers are involved in the agreement between the parties, *Bufkin* instructs the court to apply the federal

---

[18] Rec. Doc. 21-1 at 1.

[19] *Id.* at 6.

[20] *Id.* at 9.

[21] Rec. Doc. 24 at 2.

[22] *Id.*

[23] *Id.* at 3.

[24] *Id.* at 5.

[25] *Id.* at 6 (citing 96 F.4th 726, 732-33 (5th Cir. 2024)).

equitable estoppel principles under the Convention to determine whether the insured "raises allegations of substantially interdependent and concerted misconduct by both a non-signatory (the domestic insurers) and one or more signatories to the contract (the foreign ones)."[26] In order to give full effect to the Convention, Defendants argue the Convention must be uniformly interpreted and applied under federal law.[27] Additionally, Defendants argue Plaintiffs' request to lift the stay in this matter to permit litigation against the domestic insurers, which would run parallel to the foreign insurers' arbitration on the same alleged losses, damages, and policy, is unworkable.[28] Defendants assert that Plaintiffs' request thwarts the liberal federal policy favoring arbitration.[29]

Even if a stay is not mandatory under the Convention as to the domestic insurers, Defendants argue the domestic insurers are entitled to a discretionary stay.[30] Defendants assert a discretionary stay is warranted as to the domestic insurers because the claims involve the same operative facts, the claims are inseparable, and the litigation would have a critical impact on the arbitration.[31]

## C.    *Plaintiffs' Arguments in Reply*

In reply, Plaintiffs argue *Bufkin* does not control and is now longer good law.[32] Plaintiffs

---

[26] *Id.*

[27] *Id.* at 8.

[28] *Id.* at 11.

[29] *Id.*

[30] *Id.* at 17.

[31] *Id.* at 18.

[32] Rec. Doc. 25 at 2.

contend that the Court must follow *Police Jury* because state law governs the estoppel question.[33] Plaintiffs assert this issue is properly raised on reconsideration because the Court relied on equitable estoppel principles in the Order compelling arbitration as to the domestic insurers.[34] Finally, Plaintiffs argue the domestic insurers are not entitled to a discretionary stay because resolution of the arbitrable claims against the foreign insurers will not be determinative of the non-arbitrable claims against the domestic insurers.[35]

### D.   *Defendants' Arguments in the Supplemental Opposition*

Defendants also filed a supplemental memorandum in opposition to the motion.[36] This brief notifies the Court of a March 10, 2025 decision denying a plaintiff's Motion to Lift Stay and Vacate Arbitration Order in a case pending before another Section of the Eastern District of Louisiana.[37]

### III. Legal Standard

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba,*"[38] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[39] Rules 59 and 60, however, apply only to final judgments.[40] An interlocutory order is not final

---

[33] *Id.* at 3.

[34] *Id.* at 5.

[35] *Id.* at 6.

[36] Rec. Doc. 28.

[37] *Parish of Lafourche v. Indian Harbor Insurance Company*, E.D. La Case. No. 23-3472.

[38] *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990).

[39] *Id*; *Castrillo v. Am. Home Mortg. Servicing, Inc.,* No. 09–4369, 2010 WL 1424398, at *3–4 (E.D. La. Apr.5, 2010) (Vance, C.J.).

[40] Rule 59 concerns motions to "alter or amend a judgment" whereas Rule 60 can provide relief from

because the court "at any time before final decree [could] modify or rescind it."[41]

Therefore, when a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls.[42] The Rule states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[43]

Under Rule 54(b), the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[44] However, this broad discretion[45] must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays.[46] Further, the decision of the district court to grant or deny a motion for reconsideration will only be reviewed for an abuse of discretion.[47]

---

"a *final* judgment, order, or proceeding." Fed.R.Civ.P. 60(b) (emphasis added). The Advisory Committee Notes of 1946 state that "[t]he addition of the qualifying word 'final' emphasizes the character of judgement, orders or proceedings from which *Rule 60(b)* affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." Fed.R.Civ.P. 60(b) (1946 Advisory Committee Notes). *See also, Helena Labs. Corp.,* 483 F.Supp.2d 538 (E.D.Tex.2007) (motion was improperly filed under Rule 59(e) when there existed no final judgment that had been entered). *See also, Lambert v. McMahon,* No. 06–10679, 2007 U.S.App. LEXIS 5220, 2002 WL 32975040 (5th Cir. Mar. 6, 2007) (where there was no entry of final judgment, requests could not be considered under Rule 60(b)).

[41] *Bon Air Hotel,* 426 F.2d at 862 (quoting *John Simmons Co. v. Grier Brothers Co.,* 258 U.S. 82, 88, 42 S.Ct. 196, 66 L.Ed. 475 (1922)).

[42] Fed. R. Civ. P. 54(b). *See also, Helena Labs.,* 483 F.Supp.2d 538 (motion for reconsideration under Rule 59(e) treated as under Rule 54(b) because reconsideration of partial summary judgment order was sought, and no final judgment had yet been entered in the case).

[43] Fed. R. Civ. P. 54(b).

[44] *Melancon v. Texaco, Inc.,* 659 F.2d 551, 553 (5th Cir.1981).

[45] *See Calpetco 1981 v. Marshall Exploration, Inc.,* 989 F.2d 1408, 1414–15 (5th Cir.1993).

[46] *See, e.g.,* 18B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 4478.1 (2d ed.2002).

[47] *Martin v. H.M.B. Constr. Co.,* 279 F.2d 495, 496 (5th Cir.1960) (citation omitted). *See also, Garcia v.*

The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.[48] A Rule 59(e) motion "calls into question the correctness of a judgment,"[49] and courts have considerable discretion in deciding whether to grant such a motion.[50] In exercising this discretion, courts must carefully balance the interests of justice with the need for finality.[51] Courts in the Eastern District of Louisiana have generally considered four factors in deciding a motion under the Rule 59(e) standard:

> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
> (2) the movant presents newly discovered or previously unavailable evidence;
> (3) the motion is necessary in order to prevent manifest injustice; or
> (4) the motion is justified by an intervening change in controlling law.[52]

Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly"[53] and the motion must "clearly establish" that reconsideration is warranted.[54] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of

---

*Woman's Hosp. of Tex.,* 97 F.3d 810, 814 (5th Cir.1996).

[48] *See, e.g., Castrillo,* 2010 WL 1424398, at *3; *Rosemond v. AIG Ins.,* No. 08–1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches,* No. 05–4182, 2009 WL 1046016, at *1 (E.D. La. Apr.16, 2009) (Duval, J.).

[49] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.),* 303 F.3d 571, 581 (5th Cir.2002).

[50] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350, 355 (5th Cir.1993).

[51] *Id.* at 355–56.

[52] *See, e.g., Castrillo,* 2010 WL 1424398, at *4 (citations omitted).

[53] *Templet v. Hydro Chem Inc.,* 367 F.3d 473, 478–79 (5th Cir.2004).

[54] *Schiller v. Physicians Res. Group Inc.,* 342 F.3d 563, 567 (5th Cir.2003).

judicial time and resources and should not be granted.[55]

## IV. Analysis

On January 25, 2023, this Court granted Defendants' motion to stay and compel arbitration as to all foreign and domestic insurers involved in this case.[56] Plaintiffs now argue that the recent decision of the Louisiana Supreme Court in *Police Jury* justifies lifting the stay as to the domestic insurers. Therefore, Plaintiffs seek reconsideration based on an alleged change in the controlling law.

It is no secret the Louisiana Supreme Court's decision in *Police Jury* conflicts with the Fifth Circuit's holding in *Bufkin Enterprises, L.L.C. v. Indian Harbor Insurance Co.* In *Bufkin*, the Fifth Circuit was presented with a policy listing ten insurers, a mix of both domestic and foreign, wherein the contract stated the plaintiff was entering separate contracts with all insurers, just like in this case.[57] The *Bufkin* Court followed the reasoning in *Grigson v. Creative Artists Agency L.L.C.*, where the Fifth Circuit held if "the signatory to the arbitration agreement . . . raises allegations of substantially interdependent and concerted misconduct by both a non-signatory (the domestic insurers) and one or more signatories to the contract (the foreign ones)," equitable estoppel should apply to the domestic insurers, allowing them to compel arbitration.[58]

On the other hand, the Louisiana Supreme Court in *Police Jury* expressly disagreed with

---

[55] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.,* 259 F.Supp.2d 471 (M.D. La. 2002). *See also Mata v. Schoch,* 337 B.R. 138 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *see also, FDIC v. Cage,* 810 F.Supp. 745, 747 (D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[56] Rec. Doc. 16.

[57] *Bufkin Enters., L.L.C. v. Indian Harbor Ins. Co.*, 96 F.4th 726, 728 (5th Cir. 2024).

[58] *Bufkin*, 96 F.4th at 732 (citing *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 527 (5th Cir. 2000)).

the *Bufkin* Court, holding, in essentially the same situation, Louisiana positive law should control, specifically Louisiana Revised Statute § 22:868, which "precludes domestic insurers' use of estoppel to compel arbitration."[59] Thus, the question before this Court is whether the Louisiana Supreme Court or Fifth Circuit's rule controls. That is, does state or federal law apply? If federal equitable estoppel principles apply, arbitration can be compelled by both domestic and foreign insurers, while if state principles apply, Louisiana positive law makes compelled arbitration by domestic insurers unlawful.

Other sections of this Court have considered this question and come to varying answers. In *Certain Underwriters at Lloyd's London v. Belmont Commons LLC*, in response to *Police Jury*, the district judge held that "whether a plaintiff can be compelled to arbitrate with a domestic insurer based on the plaintiff's arbitration agreement with a foreign insurer is a matter of state law, not federal law."[60] The district judge held the Supreme Court case *GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC* compels that conclusion.[61] Because Louisiana state law bans arbitration clauses, the *Belmont* Court held arbitration could not be compelled by the domestic insurers, and the domestic insurers were forced to proceed to litigation.[62]

However, as another section of this Court pointed out in breaking with *Belmont*, the Supreme Court in *Outokumpu* specifically explained "[w]e hold only that the [Convention Act]

---

[59] *Police Jury*, 395 So.3d at 729.

[60] *Certain Underwriters at Lloyd's London v. Belmont Commons LLC*, 2025 WL 239087, at *2 (E.D. La. Jan. 17, 2025).

[61] *Id.* at *8 (citing *GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 590 U.S. 432, 437 (2020)).

[62] *Id.* The *Belmont* Court further held a discretionary stay of litigation was not warranted considering the plaintiffs had been attempting to resolve the suit for years and there existed no guarantee a future decision in the case could unduly influence a decision in the arbitration proceeding. *Id.* at 10.

does not conflict with the arbitration agreements by nonsignatories under domestic-law equitable estoppel principles,"[63] but that it was not determining "whether GE Energy could enforce the arbitration clauses under principles of equitable estoppel or which body of law governs that determination."[64] Based on these excerpts, another section of this Court held it was unpersuaded that *Outukumpu* "dictates the conclusion that Louisiana law governs the applicable principles of equitable estoppel."[65] This Court agrees, *Outukumpu* does not assert that state law controls whether an arbitration clause can be enforced by domestic insurers.

With this reading of *Outokumpu*, uncertainty still exists surrounding whether state law or federal law applies to the domestic insurers. Normally, state substantive law would apply when there is no federal question. The Supreme Court in *Boyle v. United Technologies Corp.* created a two-part test to determine when *federal* common law, rather than state law, should apply in situations where state law would normally control.[66] *Boyle* held displacement of state law with federal common law should occur "only where a 'significant conflict' exists between an identifiable federal policy or interest and the operation of state law, or the application of state law would frustrate specific objectives of federal legislation."[67] First, courts must determine if a case presents a uniquely federal interest necessitating application of federal common law, and second, courts should assess whether the application of state law conflicts with or frustrates specific

---

[63] *Parish of Lafourche v. Indian Harbor Insurance Company, et al.*, 2025 WL 754333, at *9 (E.D. La. Mar. 10, 2025) (quotations and citations omitted)

[64] *Id.* (quotations and citations omitted).

[65] *Id.*

[66] 487 U.S. 500, 506-07 (1988).

[67] *Id.* at 500.

objectives of federal legislation.[68]

In a concurring opinion in the Eleventh Circuit, Judge Tjoflat explained there is a "quintessential uniquely federal interest[]" in applying federal common law principles of equitable estoppel in cases that involve the Convention.[69] Judge Tjoflat opined the "whole goal of the [Convention] is to standardize the enforcement of international arbitration agreements, and there is a strong federal interest in making sure that the United States lives up to its treaty obligations."[70] This aligns with Supreme Court precedent acknowledging a strong "federal policy in favor of arbitral dispute resolution . . . that applies with special force in the field of international commerce."[71] Thus, a unique federal interest exists in faithfully applying the rules of the Convention in cases that involve foreign insurers, which includes abiding by arbitration clauses.

As Judge Tjoflat explains next in his concurring opinion, "allowing each state or international law to impose its own test for threshold questions of arbitrability would create an unmanageable tangle of arbitration law in the United States, lead to forum shopping, and frustrate the uniform standards of the [Convention] and Chapter 2 of the FAA were enacted to create."[72] In Louisiana particularly, state law presents a clear hurdle to the unique federal interest of faithfully applying the Convention. Under Louisiana Revised Statute § 22:868, which outlaws the enforcement of arbitration clauses, domestic insurers would be forced to litigate claims

---

[68] *Id.* at 507.

[69] *Outokumpu Stainless USA, LLC v. Coverteam SAS*, 2022 WL 2643936, at *6 (11th Cir. 2022) (Tjoflat, J., concurring).

[70] *Id.* (citations omitted).

[71] *Mitsubishi*, 473 U.S. at 615.

[72] *Outokumpu Stainless USA*, 2022 WL 2643936, at *6.

pending against them, while claims against foreign insurers would be subject to arbitration under the Convention. Litigation between domestic insurers and plaintiffs could influence the arbitration between foreign insurers and plaintiffs, and vice versa. Applying the Louisiana statute banning arbitration, therefore, stands to frustrate the purposes of the Convention—to provide for the arbitral resolution of disputes and for the United States to faithfully live up to that obligation. Even if litigation were stayed until the resolution of arbitration, piecemeal litigation would fly in the face of the uniformity the Convention demands. Thus, especially in Louisiana, no matter if a stay is granted, application of state law would frustrate the goals of federal legislation.

The *Boyle* test is therefore satisfied, and federal common law applies to the situation before the Court. This leads to the conclusion *Bufkin* applies, which instructs courts in the Fifth Circuit that federal equitable estoppel principles can be used to compel arbitration as to domestic insurers when foreign insurers are required to arbitrate under the Convention.[73] *Bufkin* reaffirmed federal equitable estoppel principles outlined in *Grigson*, where the Fifth Circuit found the district court did not abuse its discretion by compelling arbitration through equitable estoppel principles because the signatories and non-signatories to the arbitration agreement were charged with "interdependent and concerted misconduct."[74] Accordingly, *Bufkin* held that when a foreign insurer compels arbitration under the Convention, if interdependent and concerted misconduct is asserted, arbitration can properly be compelled by the domestic insurers involved in a policy as well.[75]

*Bufkin* further explained that Louisiana Revised Statute § 22:868 does not come into play

---

[73] *Bufkin*, 96 F.4th at 732.

[74] *Grigson*, 210 F.3d at 530–31.

[75] *Bufkin*, 96 F.4th at 732.

when parties are subject to the Convention through equitable estoppel, and that this outcome is not contrary to Louisiana public policy because the Convention is an exception to Louisiana's general bar on arbitration clauses.[76] Thus, in this case, where foreign insurers can compel arbitration under the Convention, federal equitable estoppel principles apply to the domestic insurers and whether they are permitted to compel arbitration if interdependent and concerted conduct on behalf of the foreign and domestic insurers is alleged.

Considering this caselaw, in a prior decision this Court held that federal equitable estoppel principles allow domestic insurers to compel arbitration when their foreign counterparts compel arbitration under the Convention and there exists allegations of concerted and interdependent conduct.[77] Allegations of substantially interdependent and concerted misconduct exist when a plaintiff does not differentiate between defendants.[78] In this case, the Petition contains repeated allegations of substantially interdependent and concerted misconduct, and makes all allegations against all Defendants, including both foreign and domestic insurers.[79] Plaintiffs allege that Defendants collectively issued the policies, received Plaintiffs' insurance claim, refused to tender any payment for the damage, and, in doing so, breached the policies in bad faith.[80] Therefore, Plaintiffs fail to differentiate between the conduct of the foreign and domestic insurers. Considering these charges against the collective "Defendants," clear allegations of concerted and

---

[76] *Id.* at 732–33.

[77] *Arrive Nola Hotel, LLC v. Certain Underwriters at Lloyds, London*, No. 24-1585, 2025 WL 871608, at *10 (E.D. La. Mar. 20, 2025) (citing *Bufkin*, 96 F.4th at 732).

[78] *Kronlage Family Limited Partnership v. Independent Specialty Insurance Company*, 651 F.Supp.3d 832, 842 (E.D. La. 2023).

[79] *See generally* Rec. Doc. 1-2.

[80] *Id.* at 6–12.

interdependent conduct were made between the foreign insurers involved and domestic insurers. Thus, federal equitable estoppel principles apply to the domestic insurers.

According to *Bufkin*, federal equitable estoppel principles allow domestic insurers to compel arbitration when their foreign counterparts compel arbitration under the Convention and there exists allegations of concerted and interdependent conduct.[81] Based on this Court's finding that concerted and interdependent conduct was alleged, arbitration can properly be compelled by both the domestic and foreign insurers who issued the Policy to Plaintiffs. Therefore, reconsideration of the Court's order compelling arbitration and staying the case is not warranted. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Lift Stay and Vacate Arbitration Order[82] is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this ___9th___ day of May, 2025.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[81] *Bufkin*, 96 F.4th at 732.

[82] Rec. Doc. 21.